UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EVELYN LOLA GALLEGOS,

    Plaintiff,

v.                                              Case No:   6:17-cv-620-Orl-40TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff Evelyn Lola Gallegos appeals to this Court from Defendant, the Commissioner of Social Security's final decision denying her applications for disability insurance benefits and supplemental security income. I have reviewed the record, including the administrative law judge's ("ALJ") decision, the exhibits, and the joint memorandum submitted by the parties. For the following reasons, I respectfully recommend that the Commissioner's final decision be **affirmed**, under sentence four of 42 U.S.C. § 405(g).

### I. Background[1]

At the time of the administrative decision, Plaintiff was fifty-three years old (Tr. 24, 233). She has a ninth grade education and past relevant work experience as a cashier and retail sales clerk (Tr. 58, 257-59). On May 7, 2013, Plaintiff applied for benefits, alleging a disability onset date of February 28, 2012 (Tr. 233-244). Her claims were denied initially and on reconsideration (Tr. 163-168, 173-182). At Plaintiff's request, the ALJ held a hearing on December 1, 2015 (Tr. 32-62, 183-185). The ALJ issued an

---

[1] The information in this section comes from the parties' joint memorandum filed on December 8, 2017 (Doc. 15).

unfavorable decision on January 5, 2016 (Tr. 10-31). Plaintiff asked the Appeals Council to review the ALJ's decision and on February 24, 2017, the Appeals Council denied the request for review (Tr. 1-3). Accordingly, the ALJ's decision became the Commissioner's final decision and this appeal timely followed (Doc. 1). Plaintiff has exhausted her administrative remedies and her case is ripe for review.

## II. The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the Commissioner's five-step sequential evaluation process set out in 20 C.F.R. § 416.920(a)(4). The ALJ must determine whether the claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and at step five, the burden shifts to the Commissioner. Id., at 1241 n.10; Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).

The ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date (Tr. 15). At step two, the ALJ found Plaintiff severely impaired by degenerative disc disease/pine disorder and affective disorder (Tr. 15-16). At step three, the ALJ concluded that Plaintiff had no impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (20 CFR §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926) (Tr. 16-17). Before proceeding to step four, the ALJ decided that Plaintiff had the residual functional capacity ("RFC") to,

> [P]erform a full range of work at the medium exertional level but with the following nonexertional limitations: the claimant has a poor ability to read, write, and use numbers. The claimant should be mentally able to sustain concentration and persist at a range of routine occupational tasks within physical tolerances and skill levels for at least two hours at a time through an 8-hour workday. There may be occasions during which she experiences some decrease in concentration, but she can attend to and complete a range of routine tasks as needed. The claimant is mentally able to understand and follow a simple, routine schedule. She can cooperate with coworkers and the general public on routine tasks and transactions. The claimant is mentally able to adapt to most changes and task demands on a sustained basis, avoid hazards, and arrange transportation. She should be mentally able to perform range of simple, routine occupational tasks in settings which are not fast-paced or quota-driven.

(Tr. 18-23). At step four, the ALJ concluded that Plaintiff could perform her past relevant work as a cashier, and therefore, she was not disabled (Tr. 24).

### III. Standard of Review

The Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence, the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our

judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## IV. Discussion

### A. The Appeals Council Properly Considered Plaintiff's New Evidence

Subsequent to the ALJ's decision Dr. Thomas Broderick provided treatment notes in which he reported that Plaintiff continued to experience pain in her knees, especially after activities (Tr. 705, 708). He also noted that she ambulated with a walker (Id.). Still, Dr. Broderick advised Plaintiff to engage in home exercises and stated that she could be "as active as possible" (Id.). In addition, Dr. Nermeen Saleh wrote a letter stating,

> Evelyn Gallegos is currently under my care and was seen in our office today. Pt is using a cane to help with balance because of back pain and knee pain. Feel free to call our office if you need additional confirmation.

(Tr. 710). Plaintiff presented this "new and material evidence" to the Appeals Council (Doc. 15 at 20-21). The Appeals Council considered the new evidence, and determined that it did "not provide a basis for changing [the ALJ's] decision" (Tr. 2).

Plaintiff contends that the Appeals Council committed reversible error when it failed to apply the proper legal standard to her new evidence (Doc. 15 at 18-22). She argues that the evidence is material because it confirms her testimony regarding "pain and difficulty with her knees" (Id.). She also argues "there is a reasonable possibility that [her] new and material evidence would change the administrative outcome" (Doc. 15 at 22).

The Appeals Council "must consider new, material, and chronologically relevant

- 4 -

evidence and must review the case if the administrative law judge's action, finding[ ], or conclusion is contrary to the weight of the evidence currently of record." Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1261 (11th Cir.2007); Keeton v. Dep't of Health and Human Servs., 21 F.3d 1064, 1066 (11th Cir.1994). To demonstrate that remand is necessary the claimant must establish that "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level." Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986) (citation omitted).

The Appeals Council need not provide a detailed discussion of its reasons to deny a claimant's request for review. Parks v. Comm'r Soc. Sec., 783 F.3d 847, 852-853 (11th Cir. 2015); Mitchell v. Comm'r Soc. Sec., 771 F.3d 780, 783 (11th Cir. 2014). "When the Appeals Council accepts additional evidence, considers the evidence, and then denies review, it is not 'required to provide a detailed rational for denying review.'" Washington v. Soc. Sec. Admins., Comm'r, 806 F.3d 1317, 1322, n.5 (11th Cir. 2015) (quoting Mitchell v. Comm'r Soc., Sec. Admin., 771 F.3d 780, 784 (11th Cir. 2014). The Appeals Council's remand decision is subject to *de novo* review. Milano v. Bowen, 809 F.2d 763, 766 (11th Cir. 1987); Cherry v. Heckler, 760 F.2d 1186, 1194 (11th Cir. 1985).

Merely labeling evidence material does not make it so. Factors establishing the materiality must be concrete and not conclusory. Cf. United States v. Ross, 511 F.2d 757, 763-64 (5th Cir. 1975); Peters v. ZWS/ABS Joint Venture, No. CV 214-083, 2016 WL 627351, at *4 (S.D. Ga. Feb. 16, 2016); United States v. Holmes, 195 F. Supp. 2d 1330, 1332 (M.D. Fla. 2002).

Plaintiff's new evidence is consistent with evidence the ALJ considered in making his decision. This evidence included Plaintiff's reports of experiencing knee pain for

several years and her 2015 knee surgeries (Tr. 18). The ALJ also considered Dr. Donna Lester's report of her consultative physical examination of Plaintiff (Tr. 501-504). According to Dr. Lester, Plaintiff carried a cane but did not put pressure on it, she had no difficulty getting on and off the examination table, getting out of a chair, or getting undressed and dressed (Tr. 503). In addition, the ALJ considered Dr. Saleh's August 2014 examination of Plaintiff which revealed that she had normal alignment, an absence of atrophy, and only mild tenderness and mild crepitation in her left knee (Tr. 21, 521-524).

Importantly, Dr. Broderick and Dr. Saleh's recognition of Plaintiff's illnesses/diagnoses does not bear on her functional limitations and does not give the Court any insight into the *severity* of Plaintiff's limitations or her ability to perform substantial gainful activity. See Moore v. Barnhart, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) ("[T]he mere existence of ... impairments does not reveal the extent to which they limit [Plaintiff's] ability to work or undermine the ALJ's determination in that regard."); Ward v. Astrue, No. 3:00-cv-1137-J-HTS, 2008 WL 1994978, at *3 (M.D. Fla. May 8, 2008) ("[A] 'mere diagnosis ... says nothing about the severity of the condition ... [D]isability determinations turn on the functional consequences, not the causes, of a claimant's condition'") (internal citations omitted).

Plaintiff's new evidence does not demonstrate that she was functionally limited to a greater extent than the ALJ had already accounted for when he formulated her RFC. Consequently, Plaintiff is asking the Court to speculate whether there is a reasonable possibility that her knee pain would preclude her performance of any substantial gainful activity. It would be improper for the Court to engage in such speculation. The Appeals Council applied the proper standard to Plaintiff's new evidence and I find no error here.

Therefore, I respectfully recommend that the Appeals Council's decision (and ultimately the ALJ's conclusions) be affirmed.

### B. The ALJ Applied The Correct Legal Standards to Dr. Krishnamurthy's Opinion

Dr. Minal Krishnamurthy was one of two non-examining state agency consultants who reviewed Plaintiff's record (Tr. 136-138). The ALJ wrote "[p]hysicians contracted for by the State Agency reviewed the evidence and offered their expert opinion that, despite the claimant's medically determined impairments, she had no physical restrictions and that her psychiatric problems did not cause more than a "moderate" functional limitation." (Tr. 23). The ALJ gave "significant weight" to these opinions (Id.).

Plaintiff argues that the ALJ's decision to give non-examining physician Dr. Minal Krishnamurthy's opinion significant weight was not based on substantial evidence because the doctor (1) failed to review the record after January 30, 2014 (particularly the opinions of Dr. Brodrick and Dr. Saleh); (2) concluded that there was "insufficient evidence" in the record to determine Plaintiff's limitations; and (3) failed to acknowledge that Plaintiff's impairments caused a physical limitation (Doc. 15 at 27-28).

Neither Dr. Brodrick nor Dr. Saleh assessed Plaintiff's functional limitations and neither gave the Court any insight into the *severity* of Plaintiff's limitations or her ability to perform substantial gainful activity. The ALJ weighed the opinions of the state agency reviewing doctors as a whole, and did not specifically refer to Dr. Krishnamurthy. In doing so, the ALJ considered Plaintiff's subjective testimony as it related to Dr. Krishnamurthy's opinion and the opinion of the other physician and determined that Plaintiff lacked credibility (Doc. 23). Plaintiff has not challenged the ALJ's decision concerning her credibility. The weight assigned to the state agency physicians' opinions (and the adverse credibility ruling) are supported by substantial evidence. And, because Plaintiff has not directed the Court's attention to any concrete evidence that had it been considered, would

have resulted in a more limiting RFC or a favorable disability decision, she has not established that she was prejudiced by the ALJ's treatment of Dr. Krishnamurthy's opinion. Kelley v. Heckler, 761 F.2d 1538, 1540 (11th Cir. 1985); cf. Snell v. Comm'r Soc. Sec., Case No. 6:12-cv-1542-Orl-22TBS, 2013 U.S. Dist. LEXIS 185166, at *9 (M.D. Fla Dec. 6, 2013) (The ALJ's error must result in prejudice, such that had the ALJ done things differently, the residual functional capacity consideration, and ultimate disability decision, would be different) (citing James v. Astrue, No. 3:11-cv-226-J-TEM, 2012 U.S. Dist. LEXIS, at 6-7 (M.D. Fla. Mar. 12, 2012)). Therefore, I respectfully recommend that the district judge reject Plaintiff's argument and affirm the ALJ's decision.

## V. Recommendation

Upon consideration of the foregoing, I respectfully recommend that the Commissioner's final decision in this case be **AFFIRMED,** and that the Clerk be directed to enter judgment accordingly and **CLOSE** the file.

## VI. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on April 19, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record